**A CERTIFIED TRUE COPY**

DEC 11 2002

ATTEST

BEFORE THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 11 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 1401

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE SULZER ORTHOPEDICS INC. HIP PROSTHESIS AND KNEE PROSTHESIS PRODUCTS LIABILITY LITIGATION

*Hill Physicians Medical Group, Inc. v. Sulzer Orthopedics Inc., et al.*, N.D. California, C.A. No. 3:02-3257

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiff in one Northern District of California action (*Hill*). Plaintiff moves the Panel to vacate its order conditionally transferring *Hill* to the Northern District of Ohio for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Kathleen McDonald O'Malley. Defendant Sulzer Orthopedics Inc. (Sulzer) supports transfer.

On the basis of the papers filed and hearing session held, the Panel finds that *Hill* involves common questions of fact with actions in this litigation previously transferred to the Northern District of Ohio, and that transfer of *Hill* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *Hill* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Northern District of Ohio was a proper Section 1407 forum for actions regarding allegations of injury caused by defective hip implants manufactured and distributed by common defendant Sulzer. *See In re Inter-Op Hip Prosthesis Products Liability Litigation*, 149 F.Supp.2d 931 (J.P.M.L. 2001).

The *Hill* plaintiff argues that transfer should be denied because plaintiff, unlike other MDL-1401 plaintiffs, is not a person suing to recover for personal injuries incurred as a result of defective hip implants, but rather is an independent medical practice association which seeks to recover for damages incurred when the *Hill* plaintiff's doctors were required to perform remedial surgeries on patients implanted with defective Sulzer implants. We are not persuaded that the standards for transfer in this docket are so narrow. Regardless of the underlying legal theories or type of plaintiff

---

*Judge Sear took no part in the decision of this matter.

- 2 -

involved, both *Hill* and the previously centralized MDL-1401 actions are rooted in allegations of injury caused by defective Sulzer implants. Furthermore, we note that there is disagreement between the parties concerning whether and to what extent the plaintiff's claims qualify for inclusion within the class settlement. Such a matter is particularly appropriate for administration by the transferee court.

Plaintiff also urges that transfer should be denied because the overwhelming majority of MDL-1401 actions have now been resolved pursuant to a class settlement, and transfer would be inconvenient for the California based plaintiff. We note, first of all, that there are still other actions pending in the transferee district (brought by plaintiffs opting out of the MDL-1401 class) which will require discovery regarding the allegedly defective Sulzer products. Moreover, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single transferee judge already familiarized with the complex questions at issue in MDL-1401. The transferee judge can thus structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. We note also that transfer under Section 1407 has the additional streamlining effect of fostering a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with remaining discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Finally, to any party in this docket that believes the uniqueness of its particular situation renders continued inclusion of its action in MDL-1401 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Hill Physicians Medical Group, Inc. v. Sulzer Orthopedics Inc., et al.*, N.D. California, C.A. No. 3:02-3257, is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman